SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Luis Medina, | No.  CV 13-0572-PHX-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Manuel Luis Medina, who is now confined in the Arizona State Prison Complex, Alhambra Unit, in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis.*[1] (Doc. 1, 2.)  Plaintiff has also filed two motions for appointment of counsel.  (Doc. 5, 6.) The Court will dismiss the Complaint with leave to amend and deny the motions.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).   The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

---

[1]  Plaintiff was incarcerated in Maricopa County's Fourth Avenue Jail when he commenced this case.

1    The Court will enter a separate Order requiring the appropriate government agency to

2    collect and forward the fees according to the statutory formula.

3    **II.      Statutory Screening of Prisoner Complaints**

4           The Court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or an officer or an employee of a governmental entity.  28

6    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

7    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

8    which relief may be granted, or that seek monetary relief from a defendant who is

9    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10          A pleading must contain a "short and plain statement of the claim *showing* that the

11   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

12   does not demand detailed factual allegations, "it demands more than an unadorned, the-

13   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

14   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  *Id.*

16          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

18   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable

20   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

21   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

22   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

23   specific factual allegations may be consistent with a constitutional claim, a court must

24   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

25   at 681.

26          But as the United States Court of Appeals for the Ninth Circuit has instructed,

27   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

28   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

1    stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

2    *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

3          If the Court determines that a pleading could be cured by the allegation of other

4    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

5    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

6    Court should not, however, advise the litigant how to cure the defects.  This type of

7    advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

8    *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

9    decide whether the court was required to inform a litigant of deficiencies).  The Court

10   will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint

11   may possibly be saved by amendment, the Court will dismiss the Complaint with leave to

12   amend.

13   **III.   Complaint**

14         Plaintiff alleges two counts for threat to safety and denial of due process in

15   connection with disciplinary proceedings.  Plaintiff sues Maricopa County Sheriff Joseph

16   M. Arpaio and the following current or former employees of the Sheriff's Office:

17   Captain/Jail Commander Harmon; Head of Classification Personnel Rick Bailey; and

18   Detention Officer Burke.  Plaintiff seeks injunctive, compensatory, and punitive relief.

19         Plaintiff alleges the following facts:  on March 2, 2012, Plaintiff was booked into

20   the Fourth Avenue Jail and was initially housed on the Fourth Floor.  Plaintiff worked his

21   way down to an "(8) Hour Pod," i.e., a pod in which pretrial detainees are allowed out of

22   their cells for eight hours a day.

23         On or about January 17, 2013, after Plaintiff had been in an 8-hour pod for more

24   than ten months, Jail Intelligence Unit staff informed Plaintiff that they had a recording

25   of known Mexican Mafia gang members ordering a "hit" on Plaintiff's life.  Plaintiff

26   requested Protective Segregation (PS) status for his safety.  Although the Lower Buckeye

27   Jail (LBJ), had a PS unit where pretrial detainees were held and had the same privileges

28   as General Population (GP) inmates, Plaintiff was told that he did not qualify for

1    placement at LBJ due to his past history.   Instead, Plaintiff was classified as a close

2    custody (CC) inmate and housed on the Fourth Floor, Fox Run, Pod 1, cell 28 (4F1-28)

3    of the Fourth Avenue Jail.

4            As a CC inmate at the Fourth Avenue Jail, Plaintiff was housed alone and allowed

5    to leave his cell, alone, for an hour each day to clean, use the phone, shower, etc.

6    Further, as a CC inmate at the Fourth Avenue Jail, Plaintiff lacked access to the

7    privileges available to GP inmates at the Jail, including television and the ability to attend

8    religious services.   According to Plaintiff, the "mixture of people [in Pod 1 of Fox Run]

9    consisted of GP pretrial detainees, GP gang-affiliated pretrial detainees, gang-affiliated

10   ADC inmates, and mentally ill inmates.    At least two inmates from the Arizona

11   Department of Corrections (ADC), whom ADC had labeled as Security Threat Group

12   members affiliated with the Mexican Mafia, were housed in Pod 1 of Fox Run.  These

13   ADC inmates, named Cruz and Lechuga, were thus members of the very gang that had

14   ordered a hit on Plaintiff.  These inmates barraged Plaintiff with constant verbal threats

15   and abuse.  In addition to the ADC inmates in Pod 1 of Fox Run, inmates being punished

16   for disciplinary infractions and mentally ill inmates were also held in the Pod.   The

17   mentally ill inmates defecated or urinated in the hallways, which Jail staff left for days

18   without having the hallways cleaned.  Plaintiff and other inmates in the Pod had to endure

19   the odor and walk through the uncleaned hallways on the way to shower.

20           On January 31, 2013, the doors in a pod were inadvertently opened, although it is

21   unclear whether it was Plaintiff's pod.   As a consequence, Mexican Mafia associates

22   were able to attack Inmate Anthony German and injure him.

23           The week of February 3, 2013, ADC inmate Cruz was housed in 4Fl-22, i.e., in

24   Plaintiff's pod.  In addition to being an STG member at ADC, Cruz had been housed in

25   ADC's Security Management Unit, i.e., a maximum security unit.  On February 11, 2013,

26   an unidentified Jail detention officer told Plaintiff that Cruz was supposed to be housed

27   behind "double doors" and not with CC inmates, but that Jail classification staff had

28

failed to ensure that Cruz was properly classified.  In cell 4Fl-30, ADC inmate Lechuga, another Mexican Mafia affiliate, was housed Plaintiff's pod.

On February 11, 2013, after officers had passed out meal trays to those in Plaintiff's pod, the doors for every cell in the pod simultaneously opened.  Plaintiff, not realizing that all of the doors had opened, stepped out of his cell believing that the control room had mistakenly opened his door for time out of his cell.  When Plaintiff realized that all of the doors in the pod had been opened, he looked towards the control room and saw that Defendant Detention Officer (DO) Burke, in the control room, was seated with his back to Plaintiff's pod.  When Plaintiff looked to his right, he saw Cruz approaching an inmate and pushing other inmates out of his way.  As Cruz attacked the inmate he had been approaching, Lechuga, two cells down from Plaintiff, came out of his cell and joined in an attack on a different inmate.  After spotting Plaintiff, Lechuga rushed towards Plaintiff and hit him in the mouth.  Plaintiff hurt his back and shoulder in attempting to defend himself.  Other inmates then joined in the melee, which continued for five minutes before Defendant Burke noticed what was happening and summoned assistance.  After assistance arrived, all of the inmates were ordered to return to their cells.  All did so except for Lechuga and Cruz.[2]

Sometime later, nurses arrived to document injuries.  Plaintiff told them about the injuries to his mouth, back, and shoulder and was given Ibuprofen.  After medical staff left, a few officers waited while Cruz packed his belongings and was taken to a more secure location.  Plaintiff's back and shoulder continued to be painful.  Plaintiff contends that he was injured after being forced to defend himself from the very types of inmates from whom he was supposed to be segregated.  He contends that Jail detention and classification staff acted negligently.  Because a similar incident had occurred on January 31, 2013, Plaintiff contends that Fourth Avenue Jail officers were complicit in facilitating access by gang-members to PS inmates.  Plaintiff contends that the Jail failed to segregate PS inmates from GP and STG inmates and that Fourth Avenue Jail

---

[2] Plaintiff does not allege whether or how they were forced to comply.

administrative staff refused to send PS inmates to the Lower Buckeye Jail, which has a separate PS pretrial detainee pod that affords PS inmates the same privileges afforded to GP inmates.  Plaintiff indicates that Fourth Avenue staff has stated that it is not feasible to move PS inmates to LBJ.  Further, he contends that despite occasional instances of cell doors in the Close Custody pods being inadvertently opened, "they" still mix non-PS inmates with PS pretrial detainees.

## IV.     Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  Negligence is not sufficient to state a claim under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.     Defendants Arpaio, Harmon, and Bailey

Plaintiff seeks relief against Sheriff Arpaio, Captain Harmon, and Classification Head Bailey.  While each of them may be sued under § 1983, Plaintiff fails to state a claim against any of them.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A

supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.  In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); accord Proctor v. Applegate, 661 F.Supp.2d 743,  765 (W.D. Mich. 2009); *Stocker v. Warden*, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); *Mintun v. Blades*, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

Plaintiff predicates liability against Arpaio based solely on *respondeat superior*. That is not a basis for liability under § 1983.  Plaintiff also predicates liability against Bailey on his position as head of classification at the Fourth Avenue Jail and asserts that Bailey was aware of classification problems, and potential risks to inmates, but failed to act to alleviate those risks.  Plaintiff fails to set forth facts to support either of these assertions.  Plaintiff fails to allege any facts against Harmon.  Because Plaintiff fails to allege facts to support that any of these Defendants directly violated his constitutional rights or facts to support that any of them promulgated, endorsed, or condoned a policy resulting in violations of Plaintiff's constitutional rights, Plaintiff fails to state a claim against any of them and they will be dismissed.

## B.    Count I

Plaintiff designates Count I as a claim for threat to safety.  To state a claim under § 1983 for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that jail

officials were "deliberately indifferent" to those risks.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  *Id.* at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  *Id.*

Plaintiff alleges that Defendant Burke negligently, or perhaps intentionally, caused all of the doors in Plaintiff's pod to open at once and that he was injured as a consequence.  To the extent Burke acted negligently, Plaintiff fails to state a claim under § 1983 against Burke for threat to safety.  Plaintiff otherwise fails to allege facts to support that Burke opened all of the doors in the pod despite knowledge that doing so posed an substantial threat to Plaintiff's safety.  That is, Plaintiff fails to allege facts to support that Burke acted with deliberate indifference.

Plaintiff also alleges that classification staff erred in classifying ADC inmates, who were affiliated with the Mexican Mafia, to be held in a CC pod.  Plaintiff does not identify the classification staff involved in Count I.  Moreover, Plaintiff fails to allege facts to support that any classification staff member knew or should have known that classifying gang members to close custody was likely to pose a *substantial* threat to Plaintiff's safety.  Accordingly, Plaintiff also fails to state a claim on this basis.

Plaintiff otherwise fails to allege facts against any other named Defendant in Count I.  Accordingly, Count I will be dismissed as to all the Defendants.

## C.     Count II

Plaintiff designates Count II as a claim for denial of due process in connection with disciplinary proceedings.  Pretrial detainees have a substantive due process right against restrictions that amount to punishment for criminal offenses.  *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440-41 (9th Cir.1991) (*en banc*)).  This right is violated if

restrictions are "imposed for the purpose of punishment." *Bell*, 441 U.S. at 535. For particular governmental action to constitute punishment, the action must cause the detainee to suffer some harm or disability, and the purpose of the action must be to punish the detainee. *Demery v. Arpaio*, 378 F.3d 1020,1029 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 538). Jail officials are entitled to impose restrictions to effect confinement, and detention will necessarily affect a detainee's ability to live as comfortably as he might like. A *de minimis* level of imposition is permissible.[3] *Bell*, 441 U.S. at 539 n.21. There is no constitutional infringement if restrictions are "but an incident of some other legitimate government purpose." *Id.* In such a circumstance, governmental restrictions are permissible. *Salerno*, 481 U.S. at 747.

Plaintiff fails to allege facts to support that his confinement in CC was without some legitimate government purpose other than as punishment for the criminal offenses with which he is charged. Indeed, he acknowledges that he requested more secure housing after being informed of threats made against him. He also fails to allege facts to support that placement in CC constituted punishment for a disciplinary infraction or facts to support that his placement in CC was intended to punish him. Rather, he was placed in

---

[3] As *Bell* explained:

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

441 U.S. at 537.

1   CC for his protection.  Accordingly, Plaintiff fails to state a claim for denial of due

2   process based on his placement in a CC pod.

3          Plaintiff also appears to be attempting to assert a claim for denial of

4   constitutionally adequate conditions of confinement and violation of equal protection

5   where PS inmates at the Fourth Avenue Jail are treated differently and have fewer

6   privileges than PS inmates at the LBJ Jail.

7          A pretrial detainee's claim for unconstitutional conditions of confinement arises

8   under the Fourteenth Amendment Due Process Clause rather than the Eighth

9   Amendment's prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441

10  U.S. 520, 535 and n.16 (1979).  Nevertheless, the same standards are applied.  *See Frost

11  v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

12         To state a claim for unconstitutional conditions of confinement, a plaintiff must

13  allege that a defendant's acts or omissions have deprived the inmate of "the minimal

14  civilized measure of life's necessities" and that the defendant acted with deliberate

15  indifference to an excessive risk to inmate health or safety.  *Allen v. Sakai*, 48 F.3d 1082,

16  1087 (9th Cir. 1994) (citing *Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez-

17  Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege a

18  constitutional deprivation that is objectively "sufficiently serious" to result in the denial

19  of "the minimal civilized measure of life's necessities."  *Farmer*, 511 U.S. at 834.

20  Whether conditions of confinement rise to the level of a constitutional violation may

21  depend, in part, on the duration of an inmate's exposure to those conditions.  *Keenan v.

22  Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678,

23  686-87 (1978)).

24         A plaintiff must also allege facts supporting that the jail official had a "sufficiently

25  culpable state of mind," i.e., that the official acted with deliberate indifference to inmate

26  health or safety.  *Farmer*, 511 U.S. at 834.  As already noted, deliberate indifference is a

27  higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.*

28  at 835.  In addition, "'[t]he circumstances, nature, and duration of a deprivation . . . must

1   be considered in determining whether a constitutional violation has occurred.'"  *Hearns*

2   *v. Terhune*, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d

3   726, 731 (9th Cir. 2000)).

4          Plaintiff alleges that he was held in a cell by himself, but that he was able to leave

5   his cell for an hour each day to shower, clean his cell, make telephone calls and the like.

6   He complains that mentally ill inmates sometimes defecated or urinated in the hallways

7   and that it took days for staff to clean the hallways.  Plaintiff does not allege how

8   frequently such issues arose, nor does he allege that he brought the issue to the attention

9   of any jail staff member.  Plaintiff also complains of the noise caused by mentally ill

10  inmates, but does not describe the frequency or duration of such noise.  Assuming such

11  conditions rose to the level of being unconstitutional, Plaintiff fails to allege facts to

12  support that any named Defendant knew that such conditions posed an excessive risk to

13  Plaintiff and that such Defendant nevertheless failed to act to alleviate the problem.

14  Plaintiff thus fails to state a claim for unconstitutional conditions of confinement against

15  any Defendant.

16         Plaintiff contends that PS inmates at the Fourth Avenue Jail were treated

17  differently than PS inmates at the LBJ Jail, where PS inmates were afforded more

18  privileges, which the Court construes as an attempt to allege an equal protection claim.

19  Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a

20  plaintiff must show that the defendants acted with an intent or purpose to discriminate

21  against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*,

22  152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged he is a member of a

23  protected class.

24         The United States Supreme Court has also recognized "successful equal protection

25  claims brought by a 'class of one,' where the plaintiff alleges that [he] has been

26  intentionally treated differently from others similarly situated and that there is no rational

27  basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562,

28  564 (2000); *see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d

662, 679 (9th Cir. 2002).  Plaintiff also fails to state a claim under this standard.  Plaintiff has failed to allege that he was treated differently than other similarly-situated individuals or that there was no rational basis for treating him differently.  Plaintiff alleges that other PS pretrial detainees at the Fourth Avenue Jail were treated as he was.  Further, Plaintiff acknowledges that he was ineligible for transfer to LBJ because of his own prior history, i.e., there was a rational basis for not transferring him to the PS unit at LBJ.  Accordingly, Plaintiff also fails to state an equal protection claim.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Motions for Appointment of Counsel**

As noted above, Plaintiff has filed two motions for the appointment of counsel due to his indigence, lack of legal training, inability to investigate, unfamiliarity with Latin, the importance of cross-examination, and the complexity of this case.  There is no

JDDL-K

1    constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of*

2    *Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in*

3    *forma pauperis*, the court may request an attorney to represent any person unable to

4    afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C.

5    § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v.*

6    *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to

7    exceptional circumstances requires an evaluation of the likelihood of success on the

8    merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the

9    complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and

10   both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v.*

11   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

12         Having considered both elements, it does not appear at this time that exceptional

13   circumstances are present that would require the appointment of counsel in this case.

14   Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court

15   will deny without prejudice Plaintiff's motions for appointment of counsel.

16   **VII.    Warnings**

17         **A.    Release**

18         Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

19   release.  Also, within 30 days of his release, he must either (1) notify the Court that he

20   intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

21   comply may result in dismissal of this action.

22         **B.    Address Changes**

23         Plaintiff must file and serve a notice of a change of address in accordance with

24   Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

25   for other relief with a notice of change of address.  Failure to comply may result in

26   dismissal of this action.

27   / / /

28   / / /

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)     Plaintiff's motions for appointment of counsel are **denied**.  (Doc. 5, 6.)

Dated this 13th day of August, 2013.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>            Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ ,<br>(Full Name of Plaintiff)  Plaintiff, | ) ) ) ) |
| vs. | ) **CASE NO.** _____ ) (To be supplied by the Clerk) |
| (1) _____ ,<br>(Full Name of Defendant) | ) ) |
| (2) _____ , | ) |
| (3) _____ , | ) **CIVIL RIGHTS COMPLAINT** ) **BY A PRISONER** |
| (4) _____ , | ) |
| Defendant(s). | ) ☐ Original Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) ☐ First Amended Complaint ) ☐ Second Amended Complaint |


### A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?          ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes     ☐ No
b.    Did you submit a request for administrative relief on Count II?                        ☐ Yes     ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?              ☐ Yes     ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property   ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count III?   ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                   DATE                                 SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.