SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Manuel Luis Medina,

                    Plaintiff,

vs.

Joseph M. Arpaio, et al.,

                    Defendants.

No.   CV 13-0572-PHX-DGC (JFM)

**ORDER**

        Plaintiff Manuel Luis Medina, who is now confined in the Arizona State Prison Complex, Buckley-Blue Unit, in Buckeye, Arizona, filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend.[1]  (Doc. 1, 8.)  Plaintiff has filed a First Amended Complaint.  (Doc. 14.)  The Court will dismiss the First Amended Complaint for failure to state a claim with leave to amend.

## I.        Statutory Screening of Prisoner Complaints

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

---

        [1]  Plaintiff was incarcerated in Maricopa County's Fourth Avenue Jail when he commenced this case.

1   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

2          A pleading must contain a "short and plain statement of the claim *showing* that the

3   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

4   does not demand detailed factual allegations, "it demands more than an unadorned, the-

5   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

6   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice."  *Id.*

8          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

9   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

10   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

11   content that allows the court to draw the reasonable inference that the defendant is liable

12   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

13   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

14   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

15   specific factual allegations may be consistent with a constitutional claim, a court must

16   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

17   at 681.

18          But as the United States Court of Appeals for the Ninth Circuit has instructed,

19   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

20   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

21   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

22   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

23          If the Court determines that a pleading could be cured by the allegation of other

24   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

25   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

26   Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but

27   because it may possibly be amended to state a claim, the Court will dismiss it with leave

28   to amend.

JDDL-K

- 2 -

## II.    First Amended Complaint

Plaintiff alleges two counts for threat to safety and denial of due process in connection with disciplinary proceedings.  Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio and the following current or former employees of the Sheriff's Office: Disciplinary Facility Commander A4038; Rick Bailey, head of classification personnel; and Detention Officer Burke.  Plaintiff seeks injunctive, compensatory, and punitive relief.

Portions of Plaintiff's First Amended Complaint, particularly page 3, are only partially legible.  Omitting the illegible portions, Plaintiff alleges the following facts, which the Court summarizes chronologically:  Plaintiff was booked into the Fourth Avenue Jail on March 2, 2012.  (Doc. 14 at 3B.)  On January 17, 2013, Plaintiff signed a waiver to be removed from General Population (GP) and to be placed into Protective Segregation (PS) after Plaintiff was informed by jail intelligence staff that a death threat had been made against him by known Mexican Mafia gang-members and upon the recommendation of jail intelligence staff.[2]  However, after further review, jail officials informed Plaintiff that he was not eligible for placement in Administrative Segregation (AS) at the Lower Buckeye Jail (LBJ), where PS inmates were typically held.[3]  The Fourth Avenue Jail, where Plaintiff was being held, did not have a PS pod.  Therefore, Classification Officer Bailey raised Plaintiff's classification to Close Custody (CC) and Plaintiff was placed in a CC pod, specifically, pod 4F100.  Each CC inmate was held in a one-person cell for 23 hours a day with an hour out of his cell alone for showers and other tasks; each CC inmate was supposed to be kept separate from other inmates, including other CC inmates.  According to Plaintiff, most CC inmates were so designated because of disciplinary infractions that posed risks to other inmates and staff.  In addition, at times relevant to Plaintiff's claims, inmates from the Arizona Department of

---

[2] Plaintiff alleges that the threats were caught on a recording.  (Doc. 14 at 3B.)

[3] Plaintiff subsequently learned that he was not eligible to go to LBJ because of his history.

Corrections (ADC) were also held in CC pods.  Plaintiff contends that Defendants knew that placing a PS inmate in a CC pod could pose a risk to the PS inmate if the inmates were allowed out of their cells at the same time.

At some point prior to January 31, 2013, inmate Anthony German was in Pod 4F200, which was identical to Plaintiff's pod 4F100.   An officer mistakenly simultaneously opened all of the cell doors in the pod, which enabled some of the CC inmates to assault German resulting in a severe spinal injury.  On or about January 31, 2013, an officer, apparently Burke, mistakenly simultaneously opened all of the cell doors in Pod 4F100, although apparently no assaults occurred because of the error.

On February 3, 2013, ADC Inmate Cruz, who was a member of a Security Threat Group (STG), specifically the Mexican Mafia, arrived at the jail and was housed in Plaintiff's pod, 4F100.  (*Id.* at 3C.)  Another inmate, Inmate Lechuga, who was also affiliated with the Mexican Mafia, was also housed in Plaintiff's pod.  (*Id.* at 3C-3D.)

On February 11, 2013, Burke again erroneously simultaneously opened all the cell doors in Pod 4F100 and immediately turned his attention away from Pod 4F100 to look at a computer.   Plaintiff and other inmates in the pod began leaving their cells without realizing that all of the cells had been simultaneously opened.  As they realized the error, some of the inmates attempted to alert Burke so that Burke would close the cell doors, but Burke, who was looking in another direction, did not see them.   As this was occurring, Inmate Cruz, who had been in cell 4F22, began assaulting another inmate. Inmate Lechuga, who was two doors down from Plaintiff's cell, joined in the assault of that inmate.  Lechuga then saw Plaintiff.  Lechuga raised his hand to attack Plaintiff, but Plaintiff "defend[ed]" himself and prevented Lechuga from pushing Plaintiff back into his cell where Plaintiff might have been trapped with Lechuga.  (*Id.* at 3A.)  At about this point, Burke saw what was happening in the pod and summoned back-up.  Two or three minutes later, back-up officers arrived in force and used tasers to stop Cruz.   Other officers came "running up the steps to subdue the remaining inmates, [and] inmate Lechuga was ordered to the [ground] as he did comply [sic]."  (*Id.*)  Plaintiff waited by

his cell for the door to be re-opened.[4]  Plaintiff suffered injuries to his left shoulder, lower back, and face as well as post-traumatic stress disorder (PTSD).   In response to grievances, Sergeant Mank told inmates that there was nothing that could be done about housing PS inmates in CC pods because there was no room to house PS inmates separately in the Fourth Avenue Jail.   Plaintiff was apparently issued a disciplinary charge.  Facility Commander A4038, who was in charge of disciplinary appeals, found Plaintiff guilty of fighting, although he acknowledged that the doors were not supposed to have been opened simultaneously.  (*Id.* at 3E-3F.)

Plaintiff contends that Burke knew of the risk of inmate assaults if all cells in the pod were simultaneously opened, based on prior assaults in such circumstances, and had been trained to open cell doors properly.   According to Plaintiff, there are "a lot of intricate buttons to push to operate each door correctly and prevent assaults, deaths, and other incidents from occurring," about which officers receive extensive training.  (*Id.*) Plaintiff contends that Classification Officer Bailey knew that housing PS inmates in a CC pod could pose a serious risk of assault or injury to a PS inmate by CC inmates, if an opportunity arose.  Plaintiff further contends that Bailey knew that PS inmates, such as German, had previously been assaulted by CC inmates when inadvertently allowed out of their cells at the same time as PS inmates.  According to Plaintiff, Bailey allowed "high Close Custody inmates to be housed amongst [PS] inmates which created and still is a high risk of housing [PS] inmates with [CC] inmates[.]"  (*Id.* at 3D.)

Plaintiff contends that Arpaio is chief custodian and is responsible for providing safe conditions.  Plaintiff contends that Facility Commander A4038 acknowledged that the doors should not have been opened simultaneously and knew of the risks to inmates when such occurrences happen, but failed to prevent the February 11, 2013 incident.

Plaintiff also asserts that he was subjected to the type of confinement ordinarily imposed for inmates being punished for disciplinary infractions, and that his placement in

---

[4]  Plaintiff does not make clear when his cell door was closed, but apparently sometime after he avoided being pushed into his cell by Lechuga.

a CC pod, rather than a PS pod, resulted in restrictions of privileges afforded other PS and GP inmates.  Plaintiff sought placement in a PS pod, but instead was placed in a CC pod because the Fourth Avenue Jail lacked a PS pod.  Bailey increased Plaintiff's classification to CC, which resulted in Plaintiff being locked down 23 hours a day, celled alone, and denied privileges afforded to other PS and GP inmates.  He contends that housing him in a CC pod with inmates who were being held there for disciplinary infractions amounted to punishment, where Plaintiff remained in the CC pod for six months.  Plaintiff contends that he was denied due process before being placed in allegedly punitive conditions in the CC pod.

**III.     Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  Negligence is not sufficient to state a claim under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Arpaio and Facility Commander A4038**

Plaintiff seeks relief against Sheriff Arpaio and Facility Commander A4038.  While each may be sued under § 1983, Plaintiff fails to state a claim against either.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions [to] show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a

plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).   A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.  In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); accord Proctor v. Applegate, 661 F.Supp.2d 743, 765 (W.D. Mich. 2009); *Stocker v. Warden*, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); *Mintun v. Blades*, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

Plaintiff predicates liability against Arpaio based solely on *respondeat superior*. As discussed above, that is not a basis for liability under § 1983.  Plaintiff predicates liability against Facility Commander A4038 based on the denial of Plaintiff's disciplinary appeal.   Plaintiff fails to allege facts to support that Arpaio directly violated his constitutional rights or facts to support that Plaintiff's constitutional rights were violated pursuant to a policy, practice, or custom that was promulgated, endorsed, or condoned by Arpaio.  As noted above, the denial of an appeal, absent more, is not sufficient to state a claim against A4038 and Plaintiff does not otherwise allege that his constitutional rights were violated pursuant to a policy, practice, or custom promulgated, endorsed, or condoned by Facility Commander A4038.  For the above reasons, Plaintiff fails to state a claim against Arpaio or Facility Commander A4038 and they will be dismissed.

/ / /

**B.     Count I**

Plaintiff designates Count I as a claim for threat to safety.  To state a claim under § 1983 for failure to protect or threats to safety, an inmate must allege facts to show that he was incarcerated under conditions posing a substantial risk of harm and that jail officials were "deliberately indifferent" to those risks.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  *Id.* at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  *Id.*

Plaintiff appears to contend that Bailey's classification of him to CC, rather than PS, posed a substantial threat to his safety where CC inmates sometimes were inadvertently simultaneously released from their cells.  Plaintiff also appears to contend that the simultaneous opening of cell doors in CC pods posed a threat to his safety.  Plaintiff describes three instances when CC pod doors were opened inadvertently.  In one instance, Inmate German was allegedly severely injured.  In the second, no inmate was injured.  In the third, Inmate Lechuga allegedly assaulted Plaintiff.  Plaintiff has not alleged facts to show that the risks of simultaneous, inadvertent opening of CC cell doors posed a *substantial* risk to Plaintiff's safety.  While Plaintiff cites three occurrences during January and February 2013, Plaintiff does not allege *any* further occurrences during the six months that remained in CC at the Jail.

Even if Plaintiff sufficiently alleged facts to support a *substantial* threat to his safety, Plaintiff has not alleged facts to support that Bailey or Burke acted with deliberate indifference to that risk.  Plaintiff has not alleged that Burke's opening of CC cell doors on February 11, 2013, or on any other occasion, was anything but inadvertent.  Moreover, Plaintiff alleges no further occurrences after the February 11, 2013 incident.

Plaintiff also has failed to allege facts showing that Bailey's classification of Plaintiff to CC posed a substantial threat to his safety.  For example, Plaintiff does not

contend that he would have been safer in GP, and Plaintiff's preference to be held in PS does not override jail officials' responsibility to protect other PS inmates.  Accordingly, Plaintiff fails to state a claim for threat to safety in Count I and it will be dismissed.

### C.    Count II

Plaintiff designates Count II as a claim for denial of due process in connection with disciplinary proceedings.  Pretrial detainees have a substantive due process right against restrictions that amount to punishment for criminal offenses.  *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440-41 (9th Cir.1991) (*en banc*)).  This right is violated if restrictions are "imposed for the purpose of punishment."  *Bell*, 441 U.S. at 535.  For particular governmental action to constitute punishment, the action must cause the detainee to suffer some harm or disability, and the purpose of the action must be to punish the detainee.  *Demery v. Arpaio*, 378 F.3d 1020,1029 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 538).  But jail officials are entitled to impose restrictions to effect confinement, and detention will necessarily affect a detainee's ability to live as comfortably as he might like; a *de minimis* level of imposition is permissible.[5]  *Bell*, 441

---

[5] Thus:

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.  Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial.  Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain.  Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility.  And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

U.S. at 539 n.21.  There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose."  *Id.*   In such a circumstance, governmental restrictions are permissible.  *Salerno*, 481 U.S. at 747.

Plaintiff alleges that after he requested assignment to PS based upon threats against him, he was denied PS based on his history.  Bailey instead raised Plaintiff's classification to CC, which resulted in Plaintiff being housed separately from other inmates, which reduced the possibility of an assault on Plaintiff by other inmates. Plaintiff fails to allege facts to show that he was assigned to CC as punishment, rather than for legitimate detention purposes: Plaintiff's allegations reflect that he was placed in CC for his protection.  While privileges for inmates held in CC were fewer than they would have been if he were eligible for placement in PS elsewhere, that did not convert his placement in CC into punishment.  Accordingly, Plaintiff fails to state a claim against Bailey based on his placement in CC.

Plaintiff also alleges that he was charged with a disciplinary infraction for fighting stemming from the February 11, 2013 incident, which Plaintiff contends was merely self-defense.  Plaintiff fails to allege whether or how he was sanctioned as a result of the disciplinary action.  Plaintiff does not allege any change in the conditions to which he was already subject by virtue of his placement in the CC pod for his safety, nor does he allege that any such sanction rose to the level of punishment for the criminal offenses with which he was charged.  Even if he had, Plaintiff fails to allege facts to support that he was denied any procedural protection prior to being found guilty of fighting.  For these reasons, Plaintiff fails to state a claim for denial of due process based on his placement in CC or based on the subsequent disciplinary charge.

Plaintiff also appears to be attempting to assert a claim for denial of constitutionally adequate conditions of confinement and violation of equal protection where PS inmates at the Fourth Avenue Jail were treated differently and had fewer privileges than PS inmates at the LBJ Jail.  A pretrial detainee's claim for

*Bell*, 441 U.S. at 537.

1   unconstitutional conditions of confinement arises under the Fourteenth Amendment Due

2   Process Clause rather than the Eighth Amendment's prohibition against cruel and unusual

3   punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same

4   standards are applied, requiring proof that the defendant acted with deliberate

5   indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

6         To state a claim for unconstitutional conditions of confinement, a plaintiff must

7   allege that a defendant's acts or omissions have deprived the inmate of "the minimal

8   civilized measure of life's necessities" and that the defendant acted with deliberate

9   indifference to an excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082,

10  1087 (9th Cir. 1994) (citing *Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez-*

11  *Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege a

12  constitutional deprivation that is objectively "sufficiently serious" to result in the denial

13  of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834.

14  Whether conditions of confinement rise to the level of a constitutional violation may

15  depend, in part, on the duration of an inmate's exposure to those conditions. *Keenan v.*

16  *Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678,

17  686-87 (1978)).

18        A plaintiff must also allege facts supporting that the jail official had a "sufficiently

19  culpable state of mind," i.e., that the official acted with deliberate indifference to inmate

20  health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is a higher standard

21  than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. In

22  defining "deliberate indifference," the Supreme Court has imposed a subjective test, "the

23  official must both be aware of the facts from which the inference could be drawn that a

24  substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837.

25  "'The circumstances, nature, and duration of a deprivation . . . must be considered in

26  determining whether a constitutional violation has occurred.'" *Hearns v. Terhune*, 413,

27  F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

28  2000)).

1   Plaintiff alleges that he was held in a cell alone, was allowed to leave his cell for
2   an hour each day to shower, clean his cell, make telephone calls and the like.   He
3   complains that mentally ill inmates sometimes defecated or urinated in the hallways and
4   that it took days for staff to clean the hallways.   Plaintiff does not allege how frequently
5   such issues arose, nor does he allege that he brought the issue to the attention of any jail
6   staff-member and that staff-member's response.   Plaintiff also complains of the noise
7   caused by mentally ill inmates, but he does not describe the frequency or duration of such
8   noise.   Assuming such conditions rose to the level of being unconstitutional, Plaintiff
9   fails to allege facts to support that any named Defendant knew that such conditions posed
10   an excessive risk to Plaintiff and that such Defendant nevertheless failed to act to
11   alleviate the problem.   Plaintiff thus fails to state a claim for unconstitutional conditions
12   of confinement against any Defendant.

13   Plaintiff contends that PS inmates at the Fourth Avenue Jail were treated
14   differently than PS inmates at the LBJ Jail, where PS inmates were afforded more
15   privileges.   Generally, "[t]o state a claim . . . for a violation of the Equal Protection
16   Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to
17   discriminate against the plaintiff based upon membership in a protected class."   *Barren v.*
18   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).   Plaintiff has not alleged he is a
19   member of a protected class.

20   The United States Supreme Court has also recognized "successful equal protection
21   claims brought by a 'class of one,' where the plaintiff alleges that [he] has been
22   intentionally treated differently from others similarly situated and that there is no rational
23   basis for the difference in treatment."   *Village of Willowbrook v. Olech*, 528 U.S. 562,
24   564 (2000); *see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d
25   662, 679 (9th Cir. 2002).   Plaintiff fails to state a claim under this standard.   He does not
26   allege facts to support that he was treated differently than other similarly-situated
27   individuals or that there was no rational basis for treating him differently.   Plaintiff
28   acknowledges that other PS pretrial detainees were held in CC pods under analogous

conditions to his own.  He does not allege that other PS inmates with histories similar to his own were nevertheless held at LBJ, nor does he allege that other PS inmates in CC pods were afforded more privileges than Plaintiff.  Plaintiff's allegations also reflect a rational basis for not placing him in PS at the LBJ facility, i.e., Plaintiff's history and potential threat posed if he were held at LBJ.  Thus, Plaintiff also fails to state an equal protection claim.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

/       /       /

**V.      Warnings**

    **A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.      Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.      Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including

these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

**Dated** this 8th day of July, 2014.

_____
Honorable Diane J. Humetewa
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                    1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

  1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

  2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

  3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

  1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

  2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

  3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

  You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

  You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.  State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)                )
       Plaintiff,          )
                                          )
     vs.                          )   **CASE NO.** _____
                                          )      (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)               )
(2) _____ ,  )
                                          )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )   **BY A PRISONER**
                                          )
(4) _____ ,  )   ☐ Original Complaint
       Defendant(s).       )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

1                                    **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
   (Position and Title)                                              (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
   (Position and Title)                                              (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
   (Position and Title)                                              (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
   (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes   ☐ No
    b.    Did you submit a request for administrative relief on Count I?     ☐ Yes   ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?     ☐ Yes   ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.   Did you submit a request for administrative relief on Count II?    ☐ Yes  ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes  ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail      ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
      institution?      ☐ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Count III?     ☐ Yes  ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not. _____
      _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____              _____
                                DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach
no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you
attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.